## DULL v. AMIES.

September 16, 1837.

IN EQUITY.

*Bill by defendant for discovery and demurrer.*

In a bill for " the discovery of facts material to the just determination of an issue," under the act of 16th June, 1836, relative to the jurisdiction and powers of courts, *Held,*

1. That the bill must state the subject matter of the facts sought to be inquired into, or it will be bad on demurrer.

2. That the bill must state facts with sufficient precision, so as to disclose the *materiality* to the determination of the issue at law, of the matters sought to be inquired into, or it will be held bad on demurrer.

IN this case, the defendant, Amies, filed a bill of discovery, under the 13th section of the act of 16th June, 1836, relative to the jurisdiction and powers of the courts, which stated, in substance, that this action had been instituted against him, in which the plaintiff, Charles Dull, had declared on eight promissory notes, in which issue had been joined, and also, that prior to the 30th of October, 1834, he being engaged in the manufacture of paper, employed the firm of Dull & White, of which firm the said Charles Dull was a partner, as commission merchants, *to sell certain paper delivered by him to them ; that on the dissolution of said partnership, a balance of paper on hand, was left in the possession of said Dull, with whom the complainant continued to transact business as a commission merchant, and to whom he, from time to time, subsequently delivered paper to a large amount, to be sold on his account.* The bill contained various *interrogatories respecting the consideration of said notes, and the sale of said paper,* and *prayed for a full and complete account sales, of all the paper sold on account of complainant.*

*Meredith,* for Dull, filed a general demurrer, and contended that the bill did not put the defendant to answer. The facts as far as stated in the bill, being admitted by the demurrer, furnished the defendant with no defence. It charged no fact material to the issue pending at law, and merely prayed for an account. It was a general inquiry, without an averment of any facts, by the

complainant, on which interrogatories were put to the defendant. The defendant wished to raise either the question of payment, direct set-off, or an equitable defence, against the plaintiff's claim at law, on the notes. Yet the defendant, (complainant,) has alleged no facts in his bill, which will raise any such questions. The bill discloses no equity in the complainant, and therefore the defendant, according to chancery rules, is entitled to judgment on his demurrer.

*Broom & Budd* for the complainant, Amies, supported the bill of discovery, on the ground of the relation of principal and agent subsisting between the parties, by which the means of acquiring knowledge was possessed by the plaintiff, Dull, from which the complainant was excluded. The plaintiff was a commission merchant, and received the defendant's paper, to be sold on his account. The notes were given for the plaintiff's accommodation. The plaintiff, as defendant's agent, was required by law to keep and render to the defendant faithful accounts of all the paper sold, to whom it was sold, and for what prices. As the law devolved on the agent this duty, it is not a hardship to exact from him a compliance with it. We ask no more from him than what he would be obliged to do, in an action of account render. But, under the plea of payment, the defendant can exhibit any defence which shows that, in equity and good conscience, either the whole, or a part of the claim, is not due. The discovery is also material under the plea of set-off. He is entitled, not only to have a credit for the proceeds of sales of his paper, but, as the defendant now has possession of it, it should be sold, and the proceeds credited before the fact of indebtedness can be ascertained. The defendant is and must remain ignorant of the state of the accounts between him and his agent, until the latter furnishes the information. He is, therefore, entitled to a discovery, not on the ground of a special contract between the parties, but on account of the duty of furnishing information, which the law has imposed, and which this court, by the act of assembly, has the power to enforce, in a manner the best adapted to administer justice. The defendant cannot be required to set forth facts in his bill which are unknown to him, in consequence of the confidence he has reposed in the plaintiff. From that source alone can he obtain them. The principal, having indiscreetly

[Dull v. Amies.]

given his notes to his agent, on which an action is brought, prior to rendering an account of the agency, should be furnished with the most extensive means of ascertaining facts and procuring evidence within the jurisdiction of the court. This would seem to be peculiarly a case in which a bill of discovery can be resorted to, in conformity with equitable principles. The relation of maker and payer of promissory notes, subsisting between the parties, strengthens the defendant's position. Excluded by his agent from access to information, he can nowhere so appropriately resort, as to a court of equity. It should not be a ground of complaint, that the defendant has not encumbered his bill with allegations, which, however important in other respects, have no necessary connexion with the present inquiry.

PER CURIAM.—The act of the 16th June, 1836, giving to the Supreme Court, the Courts of Common Pleas, and the District Court for the City and County of Philadelphia " the power and jurisdiction of courts of chancery," for certain objects therein specified, prescribes, that " the same shall be exercised according to the practice in equity prescribed or adopted by the Supreme Court of the United States, unless it be otherwise provided, &c." This practice has, in no wise, altered the rules which govern an English court of chancery, in the determination of issues, as they are therein presented by the parties. It is well settled, that in a bill of discovery, although a precise allegation is not required, if a matter essential to the determination of the plaintiff's claims is charged to rest in the knowledge of the defendant, or must of necessity be within his knowledge, and is consequently, the subject of a part of the discovery sought for, yet that subject must, at least, be generally stated with reasonable certainty, and he cannot interrogate as to a distinct subject, as to which there is no allegation in the bill. *Redesd. Tr. Pl.* 33, 34, 35 (*3d ed.*); 11 *Ves.* 273, 301; 10 *Ves.* 290; 4 *Bro. C. C.* 458; 6 *Ves.* 62–3; *Equity Dr.* 353. And it must be an inquiry, by the English rules, into a matter *essential* to the determination of the plaintiff's claims. Our own act of assembly gives us the jurisdiction " for the discovery of facts, *material* to a just determination of issues and other questions arising or depending in the said courts." (*Act of* 16*th June*, 1836, *section* 13, *pl. III. Stroud's Purd. tit. Courts.*)

[Dull v. Amies.]

The difficulty in the way of the complainant here is, that he alleges no facts in his bill which are *material* to the determination of the issue at law pending between the parties. He merely alleges the delivery of a quantity of merchandize to the plaintiff, to be sold by him, on commission, for and on account of him, the defendant. He does not aver that the plaintiff did sell, or might have sold, or did receive, or might have received, moneys from a sale; or that the consideration of the notes on which the complainant has been sued at law, was based on or connected with the transaction as to the merchandize, so as to raise a defence, if any such facts were disclosed, competent to be made under the pleas of payment, or set-off, or under a special plea, amounting to an equity sufficient to defeat the plaintiff's claim. He seeks a general discovery as to matters which may or may not be material, without a distinct statement of the matters themselves, or an exhibition of the materiality of any allegation of fact.

Judgment on the demurrer for the defendant in the bill.